**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Steven P. GREEN, Petitioner.**

Supreme Court of Pennsylvania.

June 5, 2002.

Steven P. Green, Pro Se.

Francis J. Schultz, Meadille, for Commonwealth of Pennsylvania.

### *ORDER*

PER CURIAM.

**AND NOW,** this 5th day of June 2002, the Petition for Allowance of Appeal is granted, the order of the Superior Court is reversed, and the matter is remanded to the trial court with direction to grant Petitioner an appeal *nunc pro tunc*.

---

no factual assertion on the record presented that Appellant did not know that the act of burying tires was not authorized by a permit issued by the Department or was otherwise illegal. Rather, his testimony focused on the claim that he was removing previously buried tires from an excavation site. There was, therefore, no evidentiary predicate for consideration of a general affirmative defense instruction based upon complete lack of scienter.

Appellant's better argument is that the jury may have believed that he was removing tires, but nevertheless found him strictly liable under the statute based upon his concession that he inadvertently knocked several tires back into the site while working. However, due to the deficiencies in the record presented, I cannot determine whether the instructions given to the jury would have allowed for conviction on such grounds.

3. In this regard, it should be noted that Appellee has not proceeded *in forma pauperis*.